IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ETHEL STOUT, f/k/a,**
**ETHEL MCLAUGHLIN,**

        **Plaintiff,**

v.        Case No.: 3:17-cv-00592

**ALLSTAR THERAPIES, INC.**

        **Defendant.**

## FIRST AMENDED COMPLAINT

Plaintiff Ethel Stout, f/k/a, Ethel McLaughlin, by counsel, for her Amended Complaint against Defendant Allstar Therapies, Inc. states as follows:

### Parties

1. Plaintiff Ethel Stout ("Stout "), formerly known as Ethel McLaughlin, is an individual and a resident of the Commonwealth of Virginia.

2. Defendant Allstar Therapies, Inc. ("Allstar") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Allstar provides home care and other rehabilitative services to clients. Upon information and belief, Allstar provides its services to clients in Richmond, Virginia and the surrounding area.

### Facts

3. Plaintiff Stout is a trained occupational therapist with over twenty years of professional experience.

4. In October 2015, Stout was seeking employment in the occupational therapy field. As part of her search, Stout contacted Allstar, as well as a second company, Medi Home Health & Hospice ("Medi"), another provider of home health care services.

5. On or about October 8, 2015, Stout received an offer of part-time employment from Allstar ("Allstar Offer"). The Allstar Offer was embodied in an offer letter from Ted Proctor sent via electronic mail to Stout.

6. The Allstar Offer was for employment as an Occupational Therapist with an effective date of October 19, 2015.

7. Stout accepted the Allstar Offer and was engaged as an employee of Allstar.

8. At the same time, Stout was also seeking part-time employment with Medi.

9. On or about October 13, 2015, Stout was offered a part-time position with Medi having a start date of October 19, 2015.

10. Stout subsequently began her training and employment with Allstar.

11. On or about October 21, 2015, Allstar, through its agent James Bell ("Bell"), abruptly terminated Stout's employment.

12. Upon information and belief, Bell is an employee of Allstar and holds the management position of *Therapy Region Director* and *Team Leader* for the Commonwealth of Virginia.

13. Following the termination, Stout exchanged text messages ("Text Messages") with Bell concerning what Stout perceived to be an unexpected and baseless termination.

14. At that time, Stout had already received an offer letter for part-time employment with Medi and had accepted the offer. Stout expected to earn an income of approximately $83,000 in her first year with Medi.

15. Unbeknownst to Stout, immediately following her termination from Allstar, Bell placed a telephone call to the Medi Human Resources Department in South Carolina.

16. With no prior solicitation or request for information from Medi, Bell affirmatively provided information concerning Stout to Medi.

17. Among other things, Bell informed Medi that Stout had been retained by Allstar and subsequently dismissed. Further, he either forwarded or related the contents of the Text Messages to the Medi Human Resources Department.

18. Bell had no reason to communicate with the Medi Human Resources Department other than to voluntarily discuss Stout.

19. In fact, Bell deliberately contacted Medi in an effort to interfere with Stout's employment with Medi.

20. Upon arriving at work at Medi on October 26th, Stout was told to go home. She was subsequently informed that Medi had withdrawn their offer of employment and/or terminated her.

21. Upon information and belief, Medi's withdrawal of its offer of employment and/or termination was a direct result of Bell's actions. In fact, Bell's actions were the sole cause of Stout's loss of employment by Medi.

22. Upon information and belief, shortly thereafter, Bell, on the continued behalf of Allstar, solicited Medi in order to obtain a contract for Allstar to provide the exact services that Stout would have performed had she remained employed by Medi.

23. Allstar, through Bell, its Region Director, undertook one or more affirmative acts to interpose itself in, and interfere with, Stout's employment relationship with Medi.

24. These acts resulted in the total disruption of Stout's employment relationship with Medi.

25. Allstar acted willfully and maliciously in an attempt to prevent Medi from employing Stout.

26. Allstar was fully aware, or should have been aware, of the consequences of its actions in voluntarily and willfully communicating such information to Medi.

27. Allstar's acts, in an attempt to prevent Stout from working for Medi, were illegal and a violation of Va. Code. § 40.1-27.

28. More importantly, Allstar engineered Stout's separation from Medi in order to secure a business opportunity for itself.

29. Upon information and belief, immediately following Stout's termination, Allstar contracted to supply services to Medi that Medi would otherwise have obtained through Stout's employment.

30. Upon information and belief, prior to Bell's interference, Allstar was aware that once Stout was no longer a Medi employee then Medi would have need of Allstar's services. Further, Allstar was aware that once Stout was no longer a Medi employee, Allstar would be free to pursue this potential business opportunity.

31. Once Medi withdrew its employment, Stout was left unemployed without a job to provide necessary income.

## COUNT I
### Tortious Interference with Prospective Contract

32. Plaintiff incorporates, repeats, and realleges Paragraphs 1 through 31 as if fully set forth herein.

4

33. Medi had made, and Stout had accepted, an offer of employment at the time of Allstar's interference and this employment constituted a valid business/contractual expectancy.

34. Allstar was fully aware of Stout's offer of employment from Medi and Stout's business/contractual expectancy from this employment.

35. Allstar maliciously, intentionally, and purposefully acted in a manner to interfere with Stout's employment with Medi.

36. Allstar's intentional interference directly induced and caused a termination of Stout's relationship with Medi and the accompanying business/contractual expectancy.

37. Allstar acted in a willful and wanton manner in intentionally interfering with Stout's relationship with Medi and her business/contractual expectancy.

38. Allstar improperly interfered with Stout's business/contractual expectancy by engaging in conduct which was, in and of itself, illegal under Va. Code 40.1-27.

39. Allstar's actions were in conscious disregard of, and for, Stout's rights and were undertaken with a reckless indifference to the obvious effects of such actions.

40. As a direct and proximate result of Allstar's actions, Stout suffered monetary injury as well as damage to her reputation.

## COUNT II
### Intentional Infliction of Emotional Distress

41. Plaintiff incorporates, repeats, and realleges Paragraphs 1 through 40 as if fully set forth herein.

42. Allstar communicated with Medi, as detailed herein, with the specific purpose of inflicting emotional distress upon Stout, or, alternatively, Allstar intentionally engaged in such

5

conduct in an attempt to have Stout terminated from Medi and it knew or should have known that severe emotional distress would likely result from Stout's termination.

43. Allstar's conduct was the express cause of Stout's termination from Medi and, as a direct result of this conduct, Stout suffered severe emotional and mental stress, injury, and trauma, including but not limited to, symptoms of constant anxiety, anger, panic attacks, lack of concentration, and significant insomnia.

44. Stout's mental stress and injury required professional medical attention, including medication, to assist with the stress and the physical symptoms of such stress.

WHEREFORE, Plaintiff Ethel Stout requests judgment against Defendant Allstar Therapies, Inc. for damages, including but not limited to, compensatory and punitive damages, in an amount not to exceed $300,000, as well as reasonable attorneys' fees, interest, costs, and such other relief as the Court deems appropriate.

**PLAINTIFF REQUESTS TRIAL BY JURY**

Date:  11/19/2017                                          **ETHEL STOUT, f/k/a,**
                                                           **ETHEL MCLAUGHLIN,**

                                                           By Counsel

s/Anthony Tacconi
_____
Anthony Tacconi, Esquire (VSB No. 47459)
Attorney for Plaintiff Ethel Stout
IPCL Group PLC
4860 Cox Road, Suite 200
Glen Allen, Virginia 23060
(804) 658-1108 (telephone)
(804) 346-4957 (facsimile)
atacconi@ipclgroup.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 20th day of November, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the individual below:

       Yoora Pak, Esquire
       WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
       8444 Westpark Drive, Suite 510
       McLean, Virginia 22102-5102

s/Anthony Tacconi
_____
Anthony Tacconi, Esquire (VSB No. 47459)
Attorney for Plaintiff Ethel Stout
IPCL Group PLC
4860 Cox Road, Suite 200
Glen Allen, Virginia 23060
(804) 658-1108 (telephone)
(804) 346-4957 (facsimile)
atacconi@va-ipcl.com