IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ETHEL STOUT, f/k/a,
ETHEL MCLAUGHLIN
    Plaintiff,

v.                                          Civil Action No. 3:17-CV-00592

ALLSTAR THERAPIES, INC.,
    Defendant.

## OPINION

Ethel Stout, an occupational therapist, brings this suit against her former part-time employer, Allstar Therapies, Inc. ("Allstar"). Stout alleges that Allstar fired her and then convinced her second part-time employer, Medi Home Health & Hospice ("Medi"), to also fire her so that Medi could hire Allstar for its occupational therapist needs. Stout brings a claim for tortious interference with a prospective contract and a claim for intentional infliction of emotional distress. Allstar moved to dismiss the complaint under Rule 12(b)(6), and the Court grants the motion because Stout fails to show that Allstar (1) used improper methods to interfere with her at-will employment with Medi or (2) engaged in outrageous conduct. The Court grants Stout leave to amend her tortious interference claim.

## I. BACKGROUND

On or about October 8, 2015, Stout received and accepted an offer as a part-time occupational therapist with Allstar, a provider of home health care services. On October 13, 2015, Stout received and accepted a second part-time position as an occupational therapist with Medi, who also provides home health services. Stout began employment with both Allstar and Medi on October 19, 2015, although it remains unclear exactly when she reported for work. Stout had at-will employment contracts with both employers.

On October 21, 2015, Allstar's Therapy Region Director and Team Leader for the Commonwealth, James Bell, fired Stout. Stout sent Bell text messages in which she called his actions unexpected and baseless. Bell then contacted Medi's Human Resources Department in South Carolina to inform Medi of Stout's termination from Allstar. Bell also forwarded Stout's text messages to Medi. On October 26, 2015, Medi also fired Stout.

After Medi fired Stout, Allstar solicited Medi to provide the same occupational therapy work that Stout had been hired to perform.[1] Stout expected to receive approximately $83,000 in her first year with Medi. She says that Allstar's actions resulted in severe emotional and mental stress and injury. Specifically, Stout has suffered "symptoms of constant anxiety, anger, panic attacks, lack of concentration, and significant insomnia." (Dk. No. 12 ¶ 43.)

## II. DISCUSSION[2]

Stout brings two counts in her complaint: (I) tortious interference with a prospective contract and (II) intentional infliction of emotional distress. Both claims fail, but Stout may amend her complaint as to Count I.

---

[1] Stout claims that after Bell fired her, he "solicited Medi in order to obtain a contract for Allstar to provide the exact same services" that Medi had hired Stout to perform. The amended complaint does not make clear whether Allstar and Medi actually entered into a contractual agreement. (Dk. No. 12 ¶ 22.)

[2] A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## A. Tortious Interference

To state a valid claim for tortious interference with a contract, a plaintiff must allege: (1) a valid contractual relationship; (2) knowledge of the relationship by the defendant; (3) intentional interference inducing or causing breach of contractual relationship; and (4) resulting damage to relationship. *Lewis-Gale Med. Ctr., LLC v. Alldredge*, 282 Va. 141, 149, 710 S.E.2d 716, 720 (2011). To tortiously interfere with an at-will employment contract, the defendant's actions must involve "improper methods." *Id.* at 149–50, 710 S.E.2d at 720; *see also Frank Brunckhorst Co., LLC v. Coastal Atl., Inc.*, 542 F. Supp. 452, 463 (E.D. Va. 2008) (ruling that Virginia law "provides no protection from the mere intentional interference with a contract terminable at will"). Improper methods include actions that are illegal or independently tortious. *Duggin v. Adams*, 234 Va. 221, 228, 360 S.E.2d 832, 837 (1987). Improper methods also include violations of an established standard of a trade, unethical conduct, sharp dealing, overreaching, or unfair competition. *Id.* In sum, "the law provides a remedy in tort only where the plaintiff can prove that the third party's actions were illegal or fell so far outside the accepted practice of that 'rough-and-tumble world' as to constitute improper methods." *Lewis-Gale Med. Ctr., LLC*, 282 Va. at 153, 710 S.E.2d at 722.

In this case, Stout sufficiently alleges a valid contractual relationship with Medi, Allstar's knowledge of that relationship, and intentional interference by Allstar that caused her termination. Stout fails, however, to adequately allege that Allstar used improper methods to interfere with Stout's at-will contract with Medi. First, Stout argues that Allstar acted improperly by contacting Medi in violation of Virginia Code Section 40.1-27, which prohibits prior employers from inhibiting a former employee from "*obtaining* employment." Va. Code § 40.1-27 (emphasis added). The Court could not find, nor did Stout present, any case interpreting

3

the statute to apply to a former employee who already obtained employment, and the Court finds no grounds for using Section 40.1-27 to show improper methods. Virginia also recognizes tortious interference claims with at-will contracts that involve sharp dealing, overreaching, and unfair competition, but Stout does not show any of these factors in her amended complaint. Stout claims that Allstar interfered with her contract in order to later solicit Medi to provide the same services that Medi hired Stout to perform, but she does not allege any specific facts showing that Allstar's conduct involved fraud or deceit, violated a standard or trade practice, constituted overreaching, or involved unfair competition. Stout alleges only that Allstar contacted Medi, forwarded text messages, and presented Medi with a business opportunity to fire an at-will employee and instead use Allstar to fulfill its needs. Consequently, the facts outlined merely represent the rough and tumble world of market competition and Stout fails to state a plausible claim for tortious interference. The Court grants her leave to amend her complaint to address the deficiencies described above.[3]

### B. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the conduct was outrageous and intolerable; (3) a causal connection between the defendant's conduct and emotional distress; and (4) severe emotional distress. *Eldib v. Bass Pro Outdoor, LLC*, 654 F. App'x 620, 621 (4th Cir. 2016) (citing *Harris v. Kreutzer*, 271 Va. 188, 624 S.E.2d 24, 33 (2006)). In Virginia, the tort of intentional infliction of emotional distress is "not favored" in the law, "because of the inherent

---

[3] Allstar's brief in support of its motion to dismiss asserts the affirmative defense of justification and says that "Allstar's economic interest in allegedly furthering a business opportunity with Medi justified its communication with Medi to alert Medi about Stout's termination." (Dk. No. 15, at 9.) Because the Court grants the plaintiff leave to amend, the Court does not reach Allstar's affirmative defense at this time.

4

problems in proving a claim alleging injury to the mind or emotions in the absence of accompanying physical injury." *Almy v. Grisham*, 273 Va. 68, 77, 639, S.E.2d 182, 186 (2007). Stout's claims fail the second and fourth elements, and the Court dismisses her claim.

An IIED claim requires outrageous and intolerable conduct that amounts to more than "insensitive and demeaning" behavior. *Eldib*, 654 F. App'x at 621. The conduct alleged must be "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of human decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*; *Burke v. AT & T Technical Services Co., Inc.*, 55 F. Supp. 2d 432, 441 (E.D. Va. 1999) (determining that insidious and unacceptable racial discrimination that led to the plaintiff's termination did not constitute "atrocious" conduct); *see also Karpel v. Inova Health Sys. Servs., Inc.*, No. 96-347-A, 1997 WL 38137, at *7 (E.D.Va. Jan. 27, 1997) *aff'd sub nom. Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222 (4th Cir.1998) (causing the plaintiff's firing was not outrageous). Stout merely alleges that Allstar, in an effort to gain business for itself, sought to get her fired by forwarding text messages that she actually sent. Although Stout unfortunately went from having two jobs to having no job, even taking the allegations in the light most favorable to Stout, the conduct does not fall outside the bounds of human decency.

Stout also fails to allege adequate harm under the fourth element. In Virginia, a plaintiff must experience stress "so severe that no reasonable person could be expected to endure it." *Russo v. White*, 241 Va. 23, 28 400 S.E.2d 160, 163 (1991). Allegations of nervousness, an inability to sleep, withdrawal from activities, and an inability to concentrate at work do not constitute emotional distress severe enough to give rise to liability. *Id.* at 28, 400 S.E.2d at 163; *see also Harris v. Kreutzer*, 271 Va. at 205, 624 S.E.2d at 34 (finding that allegations of nightmares, difficulty sleeping, extreme loss of self-esteem and depression, and the need for

additional psychological treatment and counseling do not meet the severity requirement). Here, Stout's symptoms of anxiety, anger, panic attacks, lack of concentration and significant insomnia do not meet the severity requirement under Virginia law.

Stout failed to allege facts that demonstrate Allstar's conduct met the outrageous requirement or that she suffered distress sufficiently severe to give rise to liability, and the Court dismisses her claim for intentional infliction of emotional distress.

### III. CONCLUSION

For the reasons set forth above, the Court grants Allstar's motion to dismiss. The Court dismisses Count I without prejudice. The Court grants Stout leave to amend her complaint if the amendments cure the defects discussed above. The Court dismisses Count II with prejudice.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Order to all counsel of record.

Date: April 27, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge